```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION


JOHN BALLARD, ET AL.                              PLAINTIFFS


VS.                              CIVIL ACTION NO. 4:06CV23LR


FIRST FAMILY FINANCIAL SERVICES, INC.              DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on plaintiffs' motion to remand pursuant to 28 U.S.C. § 1447.  Defendant First Family Financial Services, Inc. (First Family) has responded in opposition to the motion and the court, having considered the parties' memoranda of authorities, together with attachments, concludes that the motion is without merit and should be denied.

This case was filed in the Circuit Court of Noxubee County on February 6, 2006 by thirty-two plaintiffs, each a resident of Mississippi, and each seeking to recover $1,000,000 in actual damages and $5,000,000 in punitive damages, based on charges that they were improperly charged for insurance products and fees in connection with loans from defendant First Family.  On February 17, 2006, First Family, a Delaware corporation with its principal place of business in Maryland, removed the case on the basis of diversity jurisdiction.

Although plaintiffs' motion to remand recites that they "deny that this Honorable Court has subject matter jurisdiction over

this case," plaintiffs do not, in fact, deny that there is complete diversity of citizenship between the parties or that the amount in controversy exceeds $75,000, the requisites for diversity jurisdiction.  Rather, they argue that remand is required because defendant improperly removed the case prior to service of process, and thus "did not file their Notice of Removal within the requisite time period required by law."  However, the Fifth Circuit does not require service of process as a prerequisite to removal.  Addressing this issue in Delgado v. Shell Oil Co., the Fifth Circuit stated,

> Generally, service of process is not an absolute prerequisite to removal.  Section 1446(b) expressly provides for removal of a civil action or proceeding within thirty days after the receipt by the defendant, "through service or otherwise, of a copy of an amended pleading, motion, or order or other paper from which it may first be ascertained that the case is one which is or has become removable."  We read § 1446(b) and its "through service or otherwise" language as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served.  Indeed, 28 U.S.C. § 1448, which provides that service may be completed in district court for any removed case from state court in which any one or more of the defendants was not served with process or in which the service was not perfected prior to removal, reinforces a less demanding view of the service "requirement" prior to removal.  And under Texas law, an action has commenced when a petition is filed.

231 F.3d 165, 177 (5th Cir. 2000), cert denied, 532 U.S. 972 (2001).  As Judge Barbour recognized in Bell v. American General Finance, Inc., 267 F. Supp. 2d 582, 584 (S.D. Miss. 2003), Mississippi law similarly recognizes the an action is commenced

2

with the filing of a complaint, <u>see</u> Miss. R. Civ. P. 3(b), and thus under <u>Delgado</u>, a notice of removal filed after the complaint, but before service of the complaint, is not premature but rather timely.[1]

Accordingly, it is ordered that plaintiffs' motion to remand is denied.

SO ORDERED this 9th day of May, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[1] The court notes plaintiffs' argument that they should have had the full 120 days from the date of filing of their complaint "to determine whether or not to dismiss any, all, or some of the above Plaintiffs prior to exercising their choice as to whether to serve process on the Defendant(s)." The mere fact that defendant removed the case does nothing to prevent plaintiffs, or some of them, from electing not to further pursue their claims, and, frankly, whether or not some of the plaintiffs could have been (or may be) dismissed has no bearing on jurisdiction in any event given that <u>all</u> the plaintiffs are Mississippi citizens and the sole defendant is of diverse citizenship.

3